IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Oscar Campos-Lagunas,<br><br>   Petitioner,<br><br>v.<br><br>Warden, FCI Bennettsville,<br><br>   Respondent. | C/A No.: 2:21-cv-3257-SAL-MGB<br><br><br><br>**ORDER** |

  This matter is before the court for review of the October 7, 2022 Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 21.] In the Report and Recommendation, the Magistrate Judge recommends granting Defendant's motion for summary judgment. *Id.* at 8. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report. *Id.* at 9. Neither party filed objections, and the time for doing so has expired.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 21, and incorporates the Report by reference herein. Accordingly, Defendant's motion for summary judgment, ECF No. 14, is **GRANTED.**[1] The clerk of court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

November 15, 2022
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] Additionally, the court notes that Petitioner's habeas petition may be moot. While Petitioner initially alleged his release date was "erroneously" set for "December 2022," ECF No. 1, p. 7, Defendant provided evidence with its Motion for Summary Judgment indicating a release date of October 10, 2022, ECF No. 14-1, ¶ 5. The court takes judicial notice of the fact that more than a month has passed since October 10, 2022. Therefore, Petitioner's habeas petition is likely moot thus rendering dismissal of the petition appropriate.

2